**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELISSA HARTMAN, on behalf of herself and all others similarly situated, | ) CIVIL DIVISION ) ) No: 15-1364 |
| Plaintiff, | ) ) |
| v. | ) US Senior District Judge Terrence F. McVerry ) |
| MONARCH RECOVERY MANAGEMENT, INC. and JOHN DOES 1-25, | ) ) **ELECTRONICALLY FILED** ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

### AMENDED Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES (CLASS ACTION)

1. **Identification of counsel and unrepresented parties.**

   Mark G. Moynihan, Esquire – Attorney for Plaintiff

   Danielle M. Vugrinovich, Esquire – Counsel for Defendant, Monarch Recovery Management, Inc.

2. **Set forth the general nature of the case** (anti-trust, consumer finance, securities, employment, etc):

   Individually and as a representative of a putative class, Plaintiff alleges a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et. seq*.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   March 3, 2016

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The Rule 16 Initial Scheduling Conference has been scheduled for March 3, 2016.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   No.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have chosen mediation with Patricia Dodge, Esquire to occur within 60 days of the Initial Status Conference.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

9. **Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

   It is anticipated that discovery will be necessary on the following areas: the allegations contained within the Complaint, the potential number of the putative class, and the net worth of the Defendant.

**Set forth suggested dates for the following** *(The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed, except to the extent discovery and other proceedings have been or will be stayed under the Private Securities Litigation Reform Act or otherwise. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all*

*dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):*

    a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    March 14, 2016

    b.    **Date by which any additional parties shall be joined:**

    April 1, 2016

    c.    **Date by which the pleadings shall be amended:**

    April 1, 2016

    d.    **Date by which class certification discovery shall be completed:**

    July 30, 2016

    e.    **Date by which plaintiffs' expert reports as to class certification shall be filed:**

    The parties wish to discuss whether expert testimony is necessary at the Post-Fact Discovery Conference.

    f.    **Date by which defendants' expert reports as to class certification shall be filed:**

    Not applicable.

    g.    **Date by which depositions of class certification experts must be completed:**

    Not applicable.

    h.    **Plaintiffs' Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by** August 29, 2016**:**

    i.    **Defendants' Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by** September 28, 2016**:**

    j.    **Plaintiffs' Reply Memorandum in support of class certification, if any, shall be filed by** October 28, 2016**:**

    k.    **The Class Certification hearing shall be as scheduled by the Court.**

    N/A

10.    **After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in**

light of the disposition of the Class motion. If the parties wish to establish a schedule for post-Class Certification pretrial matters at this time, set forth suggested dates for the following:

a. **Date by which fact discovery should be completed:** 90 days after the disposition of the Motion for Class Certification.

b. **Date by which plaintiff's expert reports should be filed:** The parties wish to discuss this topic at the Post-Discovery Conference.

c. **Date by which depositions of plaintiff's expert(s) should be completed:** The parties wish to discuss this topic at the Post-Discovery Conference.

d. **Date by which defendant's expert reports should be filed:** The parties wish to discuss this topic at the Post-Discovery Conference.

e. **Date by which depositions of defendant's expert(s) should be completed:** The parties wish to discuss this topic at the Post-Discovery Conference.

g. **Date by which third party expert's reports should be filed:** Not applicable.

h. **Date by which depositions of third party's experts should be completed.** Not applicable.

11. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    None.

12. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    None.

13. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** *(The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of*

4

*each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):*

The parties elect to schedule a post-fact discovery conference.

a. **Settlement and/or transfer to an ADR procedure;**

b. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 11.b. through 11.h., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

c. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

d. **Dates by which parties' pre-trial statements should be filed;**

e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

g. **Dates proposed for final pre-trial conference;**

h. **Presumptive and final trial dates.**

14. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None at this time.

15. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

Not at this time.

16. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

17. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

Defendant made an individual settlement offer and is awaiting Plaintiff's response. Plaintiff requested information to respond to the offer and is awaiting a response.

DATE: March 3, 2016

Respectfully submitted,

| **MOYNIHAN LAW** | **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN** |
|---|---|
| BY: *s/Mark G. Moynihan* | BY: *s/Danielle M. Vugrinovich* |
| Mark G. Moynihan, Esquire | Danielle M. Vugrinovich, Esquire |
| PA ID #307622 | PA ID #88326 |
| **Counsel for Plaintiff** | **Attorney for Defendant, Monarch Recovery Management, Inc., only** |
| 112 Washington Place, Suite 1-N | US Steel Tower, Suite 2900 |
| Pittsburgh, PA  15219 | 600 Grant Street |
| 412-889-8538 | Pittsburgh, PA  15219 |
| 800-997-8192, fax | 412 803-1185 |
| mark@moynihanlaw.net | 412 803-1188, fax |
| | dmvugrinovich@mdwcg.com |

LEGAL/104113838.v1