IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA HARTMAN**, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>**MONARCH RECOVERY MANAGEMENT, INC**., and DOES 1-25,<br><br>        Defendants. | **CIVIL ACTION NO. 15-1364**<br><br>**District Judge Cathy Bissoon** |

## ORDER OF PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND PRELIMINARY DETERMINATION OF CLASS ACTION STATUS

WHEREAS, the Court has been advised that the parties to this action, Melissa Hartman (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Defendants Monarch Recovery Management, Inc. (hereinafter referred to as "MRM"), have agreed, subject to Court approval, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement").  The Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court that upon preliminary

examination the Agreement appears fair, reasonable and adequate, and that a hearing should and will be held to confirm that the Agreement and settlement are fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

AND the Court having received the moving papers makes a preliminary determination that the Class may be certified under Fed. R. Civ. P. 23;

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, MRM has provided written notice of the proposed class settlement to the appropriate authorities.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), the Court has made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members"):

> All Pennsylvania consumers who were sent collection letters from Defendant in an attempt to collect an obligation owed to Synchrony Bank, similar to the Collection Letter annexed to the complaint as Exhibit A, where Monarch's File Number was visible through the lower glassine window of the enclosing envelope, during the time period spanning October 20, 2014 to the present.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, Plaintiff Melissa Hartman is preliminarily appointed as the Class Representative for the Class Members and the law firm

of Marcus and Zelman, LLC, and Mark G. Moynihan, Esq., are preliminarily appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

5. <u>PRELIMINARY DETERMINATION ON CLASS CERTIFICATION</u> – The Court preliminarily determines that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

> A. At 66 individuals, the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
>
> B. There are questions of law and fact common to the Class Members, which predominate over any individual questions; the common questions include:
>
> - Whether MRM used any language or symbol that was potentially visable through an envelope window on envelopes sent to consumers that reveal personal identifying information, *i.e.*, an internal account number assigned to the consumer for collection of the debt alleged;
> - What amount of statutory damages, if any, are recoverable by Plaintiff and the Class Members for MRM's violation.

In its defense, MRM conceded liability but contends that any disclosure of MRM's internal account number did not and cannot cause harm.

  C. The claims of the Plaintiff are typical of the claims of the Class Members. Plaintiff shares the same claim as all the Class Members;

  D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

  6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, in light of the benefits to Class Members now rather than later; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible further appeals; and, the statutory ceiling on any potential recovery for the Class. 15 U.S.C. § 1692k(a)(2).

  7. <u>NOTICES</u> – The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibit "1." The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entitles entitled to the notice. The Court finds that the proposed notice is clearly

designed to advise the Class Members of their rights. Angeion Group is appointed as the Class Action Administrator. In accordance with the Agreement, Angeion Group shall cause the completed notices to be mailed to the Class Members not later than the date set out in the November 13, 2017 Order Approving the Class Notice And Deadlines, **December 14, 2017.**

    8.    <u>EXCLUSIONS</u> – Any Class Member who desires to be excluded from the class must send a written request for exclusion to Angeion Group with a postmark date no later than **February 20, 2018,** per the November 13, 2017 Order Approving the Class Notice And Deadlines. To be effective, the written request for exclusion must state: the Class Member's full name, address, telephone number, and email address (if available); and that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

    <u>OBJECTIONS</u> – Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Clerk of this Court with a postmark date no later than **February 20, 2018,** per the November 13, 2017 Order Approving the Class Notice And Deadlines. All objections must be in writing and personally signed by the Class Member and include: (1) the objector's name, address, and telephone number; (2) a sentence stating that to the best of his or her knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Hartman v. Monarch Recovery Management, Inc.* Case No. 2:15-cv-01364-CB; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector

may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The written objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting.

9. <u>FINAL APPROVAL</u> – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on **April 17, 2018**, in Courtroom 3A, commencing at 11:00 A.M., to review and rule upon the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court;

   C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

   D. To discuss and review Class Counsel fees and expenses and any other issues as the Court deems appropriate.

10.  Attendance of the Class Members at the Fairness Hearing is not necessary.  The Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Class Members.

11.  <u>SUPPORTING MEMORANDA</u> – Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than **April 3, 2018**, fourteen (14) calendar days prior to the Fairness Hearing.

12.  <u>ATTORNEY'S FEES, COSTS AND EXPENSES</u> – No later than fourteen (14) calendar days prior to the Fairness Hearing, *i.e.*, by **April 3, 2018**, Class Counsel shall file an application for attorney's fees, costs and expenses and incentive award to the named plaintiff, as set forth in the Agreement.  The Court will thereafter make a determination on Class Counsel's reasonable attorney's fees, costs and expenses and incentive award to the named plaintiff to be paid by MRM under 15 U.S.C. § 1692k.

13.  The Agreement and this Order shall be null and void if any of the following occur:

    A. Any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of Order in lieu thereof;

    C. The Court rejects any component of the Agreement, including any amendments thereto approved by the Parties; or

    D. The Court approves the Agreement, including any amendments thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

14. If the Agreement and/or this Order are voided per ¶ 14 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

15. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: December 4, 2017        s\Cathy Bissoon
                                              U.S.D.J.