**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MELISSA HARTMAN**, on behalf of herself and all others similarly situated, | **CIVIL ACTION NO. 15-1364** |
| Plaintiff, | **District Judge Cathy Bissoon** |
| v. | |
| **MONARCH RECOVERY MANAGEMENT, INC.**, and DOES 1-25, | |
| Defendants. | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On October 20, 2015, Melissa Hartman (hereinafter referred to as "Plaintiff" or "Class Representative") filed a Complaint (hereinafter referred to as the "Lawsuit"), asserting claims against Monarch Recovery Management, Inc. (hereinafter referred to as "MRM") under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692a, *et seq.*

After extensive arms-length negotiations, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. The proposed class action settlement relates to all claims in the Lawsuit.

On or about November 30, 2017, the Plaintiff filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715,

the record reflects that MRM served written notice of the proposed class settlement to the Pennsylvania Office of the Attorney General and the United States Office of the Attorney General. MRM supplemented the CAFA notice to the Pennsylvania Office of the Attorney General and the United States Office of the Attorney General, on December 14, 2017, with respect to the resolution of damages negotiated by the parties.

On December 04 2017, upon consideration of the Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order") (Doc. No. 48). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes only) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed settlement; (iii) preliminarily appointed plaintiff Melissa Hartman as the Class Representative; (iv) preliminarily appointed Marcus & Zelman, LLC and Mark Moynihan, Esq., as counsel for the Class Members; (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice.

On ___March 28___, 2018, a Motion for Final Approval of Class Action Settlement and Class Certification (Doc. No. 50) was filed; (hereinafter referred to as the "Final Approval Motion").

On April 17, 2018, after notice was sent, a Fairness Hearing was held pursuant to the terms of the Notice and Fed. R. Civ. P. 23 to determine whether

the Lawsuit satisfied the requirements for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be finally approved by the Court.

The Court has read and considered the Agreement and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2.     The Court has jurisdiction over the subject matter of the Class Action and over all settling parties hereto.

3.     <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All Pennsylvania consumers who were sent collection letters from Defendant in an attempt to collect an obligation owed to Synchrony Bank, similar to the Collection Letter annexed to the complaint as Exhibit A, where Monarch's File Number was visible through the lower glassine window of the enclosing envelope, during the time period spanning October 20, 2014 to the present.

4.     <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Melissa Hartman as the Class Representative for the Class Members and the law firm

Marcus & Zelman, LLC and Mark Moynihan, Esq., as Class Counsel for the Class Members.

5. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. At 66 individuals, the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Pennsylvania Class Members, which predominate over any individual questions. The common questions include:

- Whether MRM used any language or symbol that was visible through an envelope window on envelopes sent to consumers that reveal personal identifying information, *i.e.*, an internal account number assigned to the consumer for collection of the debt alleged;

- What amount of statutory damages, if any, are recoverable by plaintiff and the class for MRM's violation.

In its defense, MRM conceded liability but contends that any disclosure of MRM's internal account number did not and cannot cause harm.

C. The claims of the Plaintiff are typical of the claims of the Class Members. All were subjected to the same practice;

D. The Plaintiff and Class Counsel have fairly and adequately

4

represented and protected the interests of all of the Class Members; and

E.   Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6.   The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members nor rather than later; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the statutory ceiling on any potential recovery for the class.  15 U.S.C. § 1692k(a)(2).

7.   NOTICES – Pursuant to the Court's Preliminary Approval Order, the approved class action notice was mailed to the Class Members. An Affidavit of the Class Administrator has been received of record. The forms and methods for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

8.   SETTLEMENT TERMS – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The

Parties are hereby directed to perform the terms of the Agreement.

9.    ATTORNEY FEES – The Court has considered Class Counsel's application for counsel fees and costs.  The costs for which reimbursement is sought appear to be fair, reasonable and adequately documented, and are approved.  Class Counsel's detailed application for fees has been reviewed and the time spent appears to be fair, reasonable and necessary for the effective prosecution of the case.  The rates billed and the time spent are supported and appear to be fair and reasonable.  Class Counsel fees and expenses are approved in the sum of $20,000.00 which shall be paid by MRM pursuant to the Agreement.

10.    OBJECTIONS AND EXCLUSIONS – The Class Members were given an opportunity to object to the settlement.  Zero Class Member(s) objected to the settlement.    The Class Members were also given an opportunity to exclude themselves from the settlement.  Zero Class Member(s) excluded themselves from the settlement.

11.    This order is binding on all Class Members, except those who excluded themselves.

12.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised,

6

settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order, except as to executory obligations required by the Agreement.

13.   The within matter shall be marked dismissed with prejudice.

14.   The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

DATED:   4/17/18

_Cathy Bisson_
U.S.D.J.

7